Manly, J.
 

 The only question which seems to be presented by this record is, whether there was a tenancy of the disputed 'land, on the part of the defendant, which entitled him -to notice before'suit. We Concur Yith the Court below, that there was not.
 

 It seems the laúd was rented to defendant in 1852. After ’that, it does not appear whether it was occupied until 1858, 'when it was taken ipossession of by the defendant. The defendant’s fence, in 1852, extended ‘across Rocky run upon •the land, in dispute, and joined the fence on that side, and so 'continued from that time to 1858.
 

 ■From the facts stated, we-assume that the land, -in dispute, 'was not occupied from 1852 to 1858 by any tenant, but the ‘defendant’s fence was left extended across the run as in the ’former year, and the question is, what effect had this fence up'on the relations and rights of the parties. We do not perceive that'it had any. The -superior title being in the plaintiff’s ‘lessor, she was in constructive possession of the land and fence until 1858, when defendant again entered -and exposed himself to an action. There was no tenancy of the land, by defendant, after 1852, and the Court properly declined giving any instructions upon that supposition.
 

 Per Curiam,
 

 Judgment affirmed.